IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN FAWLEY | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. AW-12-692 |
| WARDEN (VISA TO RUSSIA) | * | |
|     Defendant. | | |
| | *** | |

### **MEMORANDUM**

On March 5, 2012, the Court received the instant self-represented Complaint, accompanied by an indigency application. Plaintiff, who is confined in the Eastern Correctional Institution in Westover, Maryland, does not directly raise any specific claims except to state he was not guilty of any criminal offenses in either North Carolina or Maryland.[1] In sum, he wishes to exchange his "independence" in the United States with that of any Russian who wishes to come to America. (ECF No. 1). He also asks to be provided a visa and "one-way ticket" to Russia along with a snow suit.[2] The Complaint makes a number of statements, all of which appear fanciful on their face.

Allegations in a self-represented complaint are to be liberally construed, and a court should not dismiss an action for the failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in

---

[1] Given Plaintiff's extraneous comments regarding Judge Bragunier, it is believed that he was convicted of various offenses in the Circuit Court for Charles County in 2004 and sentenced to a cumulative 20-year term. *See Maryland v. Fawley*, Criminal No. 08K03000729 (Cir. Ct for Charles County).

[2] Plaintiff expresses his disenchantment with his custodial situation, complaining that he has been denied sheets, a bowl, and "thermos bottoms." (ECF No. 1). He does not explain how he was injured by such denial.

support of his claim entitling him to relief." *De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003) (quoting *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002)).  Courts are instructed that self-represented filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett,* 24 F.3d 582, 587 n. 6 (4th Cir. 1994) (citing *Haines v. Kerner,* 404 U.S. 519 (1972); *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977)).  However, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim having no arguable basis in law or fact may be dismissed as frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B), (outlining screening process for indigent or prisoner complaints).

Examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply unbelievable. *See Gladney v. Pendelton Corr. Facility*, 302 F.3d. 773, 774 (7th Cir. 2002); *See Denton v. Hernandez*, 504 U.S. 25, 29 (1992). Plaintiff's claims plainly fall into this category of allegations.  The Complaint is replete with fantastic assertions which speak for themselves.  Therefore, while his Motion to Proceed *In Forma Pauperis* shall be granted, his action shall be dismissed pursuant to 28 U.S.C. § 1915(e).  This constitutes the second § 1915(e) dismissal to be charged to Plaintiff.[3]  He is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) because they are deemed frivolous or malicious

---

[3]  Plaintiff has accumulated one prior strike under § 1915(e). *See Fawley v. Fawley*, Civil Action No. AW-05-2596 (D. Md.).

or because they fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).[4] A separate Order follows reflecting the opinion set out herein.

Date:  March 9, 2012.                                   /s/                          
                                        Alexander Williams Jr.
                                        United States District Judge

---

[4]   28 U.S.C. § 1915(g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.